

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

June 12, 2023

Uzoma Nkwonta
unkwonta@elias.law
D. +1.202.968.4517

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

   Re: *Vote.org v. Callanen, et al.*, Case No. 22-50536
      Argument Held: March 6, 2023
      Panel: Barksdale, Southwick, Higginson

Dear Mr. Cayce:

  Pursuant to Rule 28(j), Vote.org submits the U.S. Supreme Court's decision in *Health and Hospital Corporation of Marion County v. Talevski*, No. 21-806 (S. Ct. June 8, 2023), which held that provisions of the Federal Nursing Home Reform Act (FNHRA) may be privately enforced under 42 U.S.C. § 1983. The decision forecloses two of Appellants' arguments in this appeal.

  *First*, Appellants argue that the Materiality Provision does not confer a private right because its text "focuses on the regulated person." Appellants' Br. 26. But the Court concluded in *Talevski* that two FNHRA provisions directed to "nursing facilities" nonetheless confer private rights on residents of such facilities. Slip op. 14-16. The provisions at issue provide that "nursing facilit[ies] must protect and promote the [specified] rights of each resident." 42 U.S.C. § 1396r(c)(1)(A). Rejecting the very argument Appellants raise here, the Court acknowledged that these FNHRA provisions "establish who it is that must respect and honor these statutory rights," namely the nursing facilities, but held that such framing is "not a material diversion" from ordinary rights-conferring language. Slip op. 16. As the Court explained, "it would be strange to hold that a statutory provision fails to secure rights simply because it considers, alongside the rights bearers, the actors that might threaten those rights." *Id.*

  *Second*, Appellants argue that the Materiality Provision's enforcement scheme, which expressly authorizes the Attorney General to bring suit, is comprehensive and thus precludes *any* private enforcement. Appellants' Br. 26; Reply Br. 12. *Talevski* again rejects that argument. Despite FNRHA's "detail[ed]" "enforcement mechanisms," the Court held that the statute's remedial scheme was not "incompatible" with private enforcement under § 1983 and thus did not

Lyle W. Cayce
June 12, 2023
Page 2

preclude a private right of action. Slip op. 18-19. In other words, § 1983 "can play its textually prescribed role as a vehicle for enforcing [the Materiality Provision], even alongside a detailed enforcement regime . . . so long as §1983 enforcement is not 'incompatible' with Congress's handiwork." *Id.* at 19. Here, Appellants fail to even *assert*, let alone demonstrate, that the Attorney General's enforcement authority is *incompatible* with private enforcement.

            Sincerely,

            */s/ Uzoma N. Nkwonta*
            Uzoma N. Nkwonta