

MICHAEL R. ABRAMS  
Assistant Solicitor General

(512) 936-1700  
Michael.Abrams@oag.texas.gov

June 16, 2023

**Via CM/ECF**

Lyle W. Cayce  
Clerk of Court  
United States Court of Appeals  
Fifth Circuit  
600 S. Maestri Place  
New Orleans, Louisiana 70130

    Re:   *Vote.org v. Scott*, No. 22-50536

Dear Mr. Cayce:

This letter responds to Appellee's Rule 28(j) letter of June 12, 2023.

The Supreme Court's decision in *Health and Hospital Corporation of Marion County v. Talevski*, No. 21-806 (June 8, 2023), reaffirms that "[s]tatutory provisions must *unambiguously* confer individual federal rights" to create rights enforceable through section 1983. Slip op. 11 (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002)). The Court described this requirement as a "demanding bar," a "significant hurdle," and a "stringent standard." *Id.* at 11, 14, 16.

The unnecessary-restraint and predischarge-notice provisions in the Federal Nursing Home Reform Act (FNHRA) overcame that hurdle based on their text and the context of FNHRA's larger scheme, which focused on individual residents. *Id.* at 15-16. If anything, *Talevski* supports, rather than "forecloses," Appellants' arguments. Appellee Ltr. 1. As Justice Barrett's concurrence emphasized, the bar "is high, and although the FNHRA clears it, many federal statutes will not." *Talevski*, slip op. 2.

In that regard, the materiality provision does not have the "rights-creating" framing found in FNHRA. Slip. op. 14–15. Instead, the materiality provision and surrounding provisions are framed as a ban on discriminatory conduct, *see* 52 U.S.C. § 10101(a)(2), and that is insufficient to *unambiguously* confer individual federal

Page 2

rights, *see Gonzaga*, 536 U.S. at 287. Moreover, the materiality provision is surrounded by a comprehensive enforcement scheme and an express conferral of authority on government officials to sue, 52 U.S.C. § 10101(c), (d), (e), so section 1983 is unavailable for enforcement even if there is a right—which there is not. *See Talevski*, slip op. 3 (Barrett, J., concurring).

In any event, *Talevski* confirms the longstanding principle that only the person whose rights have been violated and who falls within the class of benefited persons (or a family member on their behalf) may bring suit. *See* slip op. 4–5, 14. Thus, even if there were an unambiguously conferred right and a path to assert it through section 1983, such a claim would belong to voters, not an unrelated third party like Vote.org. Appellants' Reply Br. 11–12.

Respectfully submitted.

/s/ Michael R. Abrams

Michael R. Abrams
*Counsel for Appellant John Scott,*
*Provisional Attorney General of Texas*

/s/ Autumn Hamit Patterson

Autumn Hamit Patterson
*Counsel for Appellants Lupe C. Torres*
*and Terrie Pendley*